L. D. Thompson, et al., *v.* H. L. W. Bratton, et al.

**Married Women—Disability.**

The disabilities placed upon married women are for their protection and they cannot be divested of their title to real estate unless the requirements of the statutes authorizing them to alienate their lands are substantially complied with.

APPEAL FROM GRAVES CIRCUIT COURT.

February 18, 1876.

Opinion by Judge Peters:

The disabilities placed upon married women by the law are mainly for their protection and well being, and they cannot be divested of their title to real estate unless the requirements of the statutes whereby they are authorized to alienate their lands are at least substantially complied with.

The deed under which appellants claim the land was acknowledged by Mrs. Jones, who was at the time a married woman, before W. W. Carr, who certifies the acknowledgment under his hand as acting and sole presiding judge of the county court of Macon county aforesaid, the 8th day of July, A. D. 1857. He fails to certify it under his hand and seal of office as required by Sec. 22, Subsec. 2, Chap. 24, 1 Rev. Stat. 282-3.

This section just named provides that a deed of a married woman, to be effectual, shall be acknowledged before some of the officers named in the preceding section and recorded in the proper office; and subsection 2 thereof gives the form of the certificate of acknowledgement, and requires the seal of office to be affixed to it, which we have already seen was omitted from the deed under which appellants claim. As appellants claiming under Bratton failed to show title in themselves, the judgment is *affirmed.*

*L. Anderson, for appellants.    R. K. Williams, for appellees.*
39